# Exhibit 1

COOPERATION AND COORDINATION AGREEMENT ENTERED INTO BY, AS ONE PARTY, THE SECRETARIAT OF THE INTERIOR, THROUGH THE UNDERSECRETARIAT FOR POPULATION AND IMMIGRATION SERVICES, REPRESENTED BY THE UNDERSECRETARY, MR. JOSE ANGEL PESCADOR OSUNA, AND BY THE SENIOR OFFICIAL, MR. GERARDO CAJIGA ESTRADA, ASSISTED BY THE COMMISSIONER OF THE NATIONAL IMMIGRATION INSTITUTE, HEREINAFTER REFERRED TO AS THE "I.N.M.," DR. ALEJANDRO CARRILLO CASTRO, HEREINAFTER REFERRED TO AS "INTERIOR," AND THE NATIONAL AIR TRANSPORTATION ASSOCIATION, REPRESENTED BY ITS PRESIDENT, JUAN I. STETA, P.E., ASSISTED BY THE SECRETARY, MR. JAVIER CHRISTLIEB MORALES, AND BY ITS EXECUTIVE DIRECTOR, MR. GABRIEL ORTEGA ALCOCER, HEREINAFTER REFERRED TO AS THE "CANAERO," AND THE AIR TRANSPORTATION COMPANIES AFFILIATED WITH "CANAERO," WHICH ADHERE TO THIS AGREEMENT, THROUGH THEIR REPRESENTATIVES, A LIST OF WHICH IS ATTACHED HERETO AS EXHIBIT NUMBER 1, HEREINAFTER REFERRED TO AS THE "AIR TRANSPORTATION COMPANIES," FOR THE PURPOSE OF ESTABLISHING THE BASES FOR COOPERATION BETWEEN THE PARTIES, IN ORDER TO COMPLY WITH THE ADMINISTRATIVE RULES ISSUED BY THE SECRETARIAT OF THE TREASURY AND PUBLIC CREDIT, TO ESTABLISH THE SYSTEMS, PROCEDURES AND INSTRUCTIONS REGARDING THE COLLECTION OF THE IMMIGRATION SERVICE FEE FROM NON-IMMIGRANTS, AS TOURISTS (FMT), TRANSMIGRANTS (FM6) AND VISITING BUSINESSMEN (FMN), AND VISITING CONSULTANTS (FMVC), HEREINAFTER REFERRED TO AS "DNI," WHICH IS REFERRED TO IN ARTICLE 8 OF THE FEDERAL FEE LAW, SECTIONS I, III AND VIII.

## RECITALS.

**I.** THE GENERAL POPULATION LAW PROVIDES THAT THE SECRETARIAT OF THE INTERIOR IS RESPONSIBLE FOR IMMIGRATION MATTERS, ORGANIZING AND COORDINATING THE VARIOUS IMMIGRATION SERVICES, OVERSEEING THE ENTRY AND DEPARTURE OF NATIONALS AND ALIENS, REVIEWING THEIR DOCUMENTATION, APPLYING THE LAW AND THE REGULATIONS THEREUNDER, AS WELL AS ANY RESPONSIBILITIES ASSIGNED TO IT BY OTHER LAWS AND REGULATIONS.

**II.** THE SECRETARIAT OF THE INTERIOR, THROUGH THE NATIONAL IMMIGRATION INSTITUTE, HAS PROPOSED THE FOLLOWING STRATEGIC OBJECTIVES IN IMMIGRATION POLICY IN THIS ADMINISTRATION:

**A)** TO PERMANENTLY CONTRIBUTE TO DETERMINING AND UPDATING AN IMMIGRATION POLICY THAT IS BASED ON NATIONAL OBJECTIVES AND THAT ENCOURAGES MIGRATORY FLOWS THAT BENEFIT THE COUNTRY.



1

**B)** TO EXERCISE IMMIGRATION OVERSIGHT POWERS IN MEXICO, WITHIN THE FRAMEWORK OF RESPECT FOR LAW AND HUMAN RIGHTS OF MIGRANTS.

**C)** TO IMPROVE THE QUALITY OF SERVICES, THROUGH THE SIMPLIFICATION OF PROCEDURES, THE DEVELOPMENT OF PERSONNEL, TECHNOLOGICAL MODERNIZATION, THE STRENGTHENING OF ADMINISTRATIVE EFFICIENCY, INTERINSTITUTIONAL COOPERATION AND THE PROMOTION OF A CULTURE OF SERVICE AND HONESTY.

**III.** IN THIS CONTEXT, AMONG OTHER PROGRAMS, A PROGRAM WAS APPROVED BY THE FEDERAL EXECUTIVE BRANCH FOR NEW SOURCES OF FINANCING FOR THE INSTITUTE ITSELF, FOR THE PURPOSE OF OPTIMIZING ITS RESOURCES AND APPLYING THEM TO IMPROVING THE ACHIEVEMENT OF THE AFOREMENTIONED STRATEGIC OBJECTIVES. ONE OF THE RESULTING ACTIONS IS THE ESTABLISHMENT OF THE COLLECTION OF IMMIGRATION SERVICE FEES FROM NON-IMMIGRANTS, AS TOURISTS, TRANSMIGRANTS, BUSINESSPEOPLE AND VISITING CONSULTANTS, HEREINAFTER REFERRED TO AS THE "DNI," CONTEMPLATED IN ARTICLE 8, SECTIONS I, III AND VIII OF THE FEDERAL FEE LAW, WHOSE AMENDMENTS AND ADDITIONS WERE PUBLISHED IN THE FEDERAL OFFICIAL GAZETTE ON DECEMBER 31, 1998. IN ADDITION, ON MARCH 3 OF THIS YEAR, THE OMNIBUS TAX BILL FOR 1999 WAS PUBLISHED, SECTION 9 OF WHICH, PERTAINING TO FEES, SPECIFICALLY, RULES 9.2., 9.3. AND 9.4, AND IN THE FIFTH DECISION, WHICH MODIFIED RULES 9.2, 9.4., 9.5. AND 9.21 OF THE OMNIBUS TAX BILL, CONTAINED THE PROVISIONS RELATED TO ARTICLE 8, SECTIONS I, III AND VIII OF THE FEDERAL FEE LAW, FOR THE PURPOSES OF THE COLLECTION OF THE DNI.

**IV.** THE FEDERAL TAX CODE PROVIDES THAT ALL FEDERAL REVENUES, EVEN IF THEY ARE EARMARKED FOR SPECIAL PURPOSES, SHALL BE COLLECTED THROUGH THE SECRETARIAT OF THE TREASURY AND PUBLIC CREDIT OR BY THE OFFICES THAT THE LATTER AUTHORIZES (ART. 4 PARAGRAPH 2). IN ADDITION, ARTICLE 3, FIFTH PARAGRAPH, OF THE FEDERAL FEE LAW PROVIDES THAT THE PUBLIC OFFICIALS RESPONSIBLE FOR THE PROVISION OF THE SERVICES SHALL BE RESPONSIBLE FOR THE COLLECTION AND PAYMENT OF THE FEES PROVIDED FOR IN SUCH LAW.

**V.** IN THE EXERCISE OF THE AUTHORITY VESTED IN IT BY THE FEDERAL TREASURY SERVICE LAW AND THE INTERNAL RULES OF THE SECRETARIAT OF THE TREASURY AND PUBLIC CREDIT, THE LATTER HAS ISSUED THE ADMINISTRATIVE RULES THAT ESTABLISH THE PROCEDURES, SYSTEMS AND INSTRUCTIONS REGARDING THE COLLECTION OF THE FEE FROM NON-IMMIGRANTS REFERRED TO IN THIS AGREEMENT, SO THAT "CANAERO" AND "THE AIR TRANSPORTATION COMPANIES" SHALL COOPERATE WITH THE INM IN THE COLLECTION OF THE "DNI".

**VI.** "THE AIR TRANSPORTATION COMPANIES" HAVE THE PLAN, SYSTEMS, MECHANISMS AND ADMINISTRATIVE STRUCTURE CONSIDERED CAPABLE OF BEING USED FOR THE COLLECTION OF THE "DNI".

**VII.** THE 1995-2000 NATIONAL DEVELOPMENT PLAN PROVIDES THAT, WITH REGARD TO THE MODERNIZATION OF PUBLIC ADMINISTRATION, IT IS NECESSARY TO RAPIDLY AND EFFECTIVELY ADVANCE TOWARD THE PROVISION OF INTEGRATED SERVICES TO THE PUBLIC THAT AVOID PAPERWORK, SAVE TIME AND EXPENSES AND PREVENT ARBITRARINESS, AND THAT A RENEWAL IS REQUIRED THAT WILL REUSE ITS WORK PLANS, REORDER ITS INCENTIVES, SIMPLIFY ITS PROCEDURES AND MODIFY ITS MANAGEMENT METHODS.

**VIII.** THE PLANNING LAW PROVIDES THAT THE AGENCIES AND ENTITIES OF THE FEDERAL EXECUTIVE BRANCH AND INTERESTED PRIVATE PARTIES MAY ENTER INTO AGREEMENTS FOR ACHIEVING THE GOALS AND OBJECTIVES SET IN THE NATIONAL DEVELOPMENT PLAN.

**IX.** BY RULE 9.21 OF THE FIFTH MODIFICATION OF THE OMNIBUS TAX BILL PUBLISHED IN THE FEDERAL OFFICIAL GAZETTE ON JUNE 30, 1999, THE SECRETARIAT OF THE TREASURY AND PUBLIC CREDIT AUTHORIZED THE PAYMENT OF FEES PROVIDED FOR IN ARTICLE 8, SECTIONS I, II AND III OF THE FEDERAL FEE LAW BY MEXICAN OR INTERNATIONAL AIRLINES WITH WHICH THE "I.N.M." HAS ENTERED INTO AGREEMENTS COVERING SUCH, IN ACCORDANCE WITH THE TERMS ESTABLISHED BY THE SUCH SECRETARIAT.

## REPRESENTATIONS.

**1.** OF "INTERIOR".

**1.1** IT IS AN AGENCY OF THE FEDERAL GOVERNMENT IN ACCORDANCE WITH ARTICLES 26 AND 27 OF THE FEDERAL PUBLIC ADMINISTRATION LAW.

**1.2** THE UNDERSECRETARY OF POPULATION AND IMMIGRATION SERVICES HAS THE AUTHORITY TO ENTER INTO THIS AGREEMENT IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE 6, SECTION IX, OF THE INTERNAL RULES OF SUCH SECRETARIAT.

**1.3** THE SENIOR OFFICIAL HAS THE AUTHORITY TO SIGN THIS AGREEMENT IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE 7, SECTION X, OF THE INTERNAL RULES OF SUCH SECRETARIAT.



3

**1.4** UNDER ARTICLE 41 OF THE INTERNAL RULES OF THE SECRETARIAT OF THE INTERIOR, PUBLISHED IN THE FEDERAL OFFICIAL GAZETTE ON AUGUST 31, 1998, THE NATIONAL IMMIGRATION INSTITUTE IS THE DECONCENTRATED TECHNICAL AGENCY OF THE SECRETARIAT OF THE INTERIOR WHOSE PURPOSE IS TO PLAN, EXECUTE, MONITOR, SUPERVISE AND EVALUATE IMMIGRATION SERVICES IN THE MEXICAN REPUBLIC, FOR THE PURPOSE OF GUARANTEEING EFFECTIVENESS IN DEALING WITH THE PROBLEMS LINKED TO THE IMMIGRATION PHENOMENON, AND THAT ARTICLE 48, SECTIONS I AND XIV, OF SUCH RULES LAW GIVES THE COMMISSIONER OF THE NATIONAL IMMIGRATION INSTITUTE THE FUNCTION OF SERVING AS SECRETARY OF THE TECHNICAL COUNCIL OF THE INM AS WELL AS PROPOSING THE EXECUTION OF AGREEMENTS AND OTHER LEGAL ACTS RELATED TO THE PROVISION OF IMMIGRATION SERVICE.

**1.5** IT HAS REQUESTED THE COOPERATION OF "CANAERO" AND THE "AIR TRANSPORTATION COMPANIES" IN COLLECTING THE "DNI" ACCORDING TO THE ABOVE-DESCRIBED PLAN.

**1.6** IT DESIGNATES AS ITS DOMICILE FOR THE PURPOSES OF THIS AGREEMENT HOMERO 1832, *COL.* LOS MORALES, *DELEGACION* MIGUEL HIDALGO, POSTAL CODE 11510, MEXICO CITY, FEDERAL DISTRICT.

**2.** THE "CANAERO" REPRESENTS:

**2.1.** THAT IT PROVES ITS LEGAL FORMATION BY PUBLIC DOCUMENT NO. 51949, DATED THE FIFTH OF NOVEMBER OF 1966, EXECUTED BEFORE GRACIANO CONTRERAS, ESQ., NOTARY PUBLIC NO. 54, DULY RECORDED IN THE PUBLIC COMMERCIAL REGISTRY OF MEXICO CITY, FEDERAL DISTRICT.

**2.2.** THAT THE PRESIDENT, THE SECRETARY AND THE EXECUTIVE DIRECTOR HAVE THE AUTHORITY TO EXECUTE THIS AGREEMENT, STATING UNDER OATH THAT IT HAS NOT BEEN REVOKED OR LIMITED.

**2.3.** THAT ITS CORPORATE PURPOSE IS, AMONG OTHER THINGS, REPRESENTING THE GENERAL INTERESTS OF THE COMPANIES ENGAGED IN AIR TRANSPORTATION, WITH OFFICES ESTABLISHED IN THE MEXICAN REPUBLIC, AS WELL AS THEIR ASSOCIATES, BEFORE ANY AUTHORITY.

**2.4.** THAT IT DESIGNATES AS ITS LEGAL DOMICILE FOR THE PURPOSES OF THIS AGREEMENT AVENIDA PASEO DE LA REFORMA NO. 509, *COLONIA* CUAUHTEMOC, *DELEGACION* CUAUHTEMOC, POSTAL CODE 06500, MEXICO CITY, FEDERAL DISTRICT

**3.** "THE AIR TRANSPORTATION COMPANIES" REPRESENT:

4

**3.1** THAT THEY ARE COMPANIES LEGALLY ORGANIZED UNDER THE APPLICABLE LAW, AS RECORDED IN THE MEXICAN AERONAUTICS REGISTRY, AND THAT THEIR REPRESENTATIVES STATE UNDER OATH THAT THEY HAVE THE AUTHORITY TO EXECUTE THIS AGREEMENT.

NOW, THEREFORE, BASED ON ARTICLES ARTICULOS 26, 27, 45 AND 50 OF THE FEDERAL PUBLIC ADMINISTRATION LAW; ARTICLES 1, 4, 37, 38 AND 39 OF THE PLANNING LAW; ARTICLES 1, 2, 14, 15, 21 AND 22 OF THE FEDERAL STATE-OWNED COMPANIES LAW; ARTICLES 1 AND 7 OF THE GENERAL POPULATION LAW; ARTICLE 6 OF THE FEDERAL TREASURY SERVICE LAW; ARTICLES 1, 2, 3 AND 8 OF THE FEDERAL FEE LAW; AND ARTICLES 1, 2, 6, 41, 42 AND 43 OF THE INTERNAL RULES OF THE SECRETARIAT OF THE INTERIOR, THE PARTIES AGREE TO BE BOUND BY THE FOLLOWING:

**CLAUSES**

**ONE.-** PURPOSE.

THE PURPOSE OF THIS AGREEMENT IS TO ESTABLISH THE PROPER COORDINATION BETWEEN THE PARTIES FOR THE PURPOSE OF COMPLYING WITH THE PROCEDURE ESTABLISHED HEREIN WITH REGARD TO THE COLLECTION OF THE IMMIGRATION SERVICE FEE FOR NON-IMMIGRANTS ESTABLISHED IN ARTICLE 8, SECTIONS I, III AND VIII OF THE FEDERAL FEE LAW AND IN ACCORDANCE WITH THE OMNIBUS TAX BILL FOR 1999, WHICH IS AN INTEGRAL PART OF THIS DOCUMENT AND WHICH ARE PRESENTED AS EXHIBIT 3, TAKING ADVANTAGE OF THE PLAN, SYSTEMS AND ADMINISTRATIVE MECHANICS AND INFRASTRUCTURE THAT "THE AIR TRANSPORTATION COMPANIES" HAVE.

**TWO.-** THE PARTIES' OBLIGATIONS.

THE PARTIES SHALL COORDINATE AND COOPERATE IN THEIR ACTIONS IN ACCORDANCE WITH THE PROCEDURE FOR THE COLLECTION, GATHERING AND CONTROL OF THE "DNI" AUTHORIZED BY THE SECRETARIAT OF THE TREASURY AND PUBLIC CREDIT, WHICH, HAVING BEEN AGREED TO BY THE PARTIES, SHALL BE AN INTEGRAL PART OF THIS AGREEMENT AS EXHIBIT NUMBER 2.

THE PARTIES AGREE TO ESTABLISH A MECHANISM THAT WILL ALLOW THE REVIEW OF THE PAYMENT OF THE DNI IF THE VARIATION BETWEEN THE FIGURE ESTIMATED BY INM AND THAT THAT PAID BY "THE AIR TRANSPORTATION COMPANIES" IS GREATER THAN 5%.

**THREE.-** "THE AIR TRANSPORTATION COMPANIES'" OBLIGATIONS:



5

**A)** TO RECEIVE THE NOTICE FROM THE "I.N.M." REGARDING VARIATIONS OF THE AMOUNT OF THE DNI, AS WELL AS ANY OTHER INFORMATION THAT IS NECESSARY FOR ACHIEVING THE PURPOSES OF THIS AGREEMENT.

**B)** TO COLLECT, FROM PAYERS OF THE "DNI", THE APPROPRIATE FEE UNDER THE FEDERAL FEE LAW, AS COLLABORATORS WITH THE "I.N.M.".

**C)** TO DETERMINE THE CASES IN WHICH THE DNI IS NOT APPLICABLE, AMONG WHICH ARE MEXICAN NATIONALS WHO PURCHASE AIR TRANSPORTATION TICKETS OUTSIDE OF THE COUNTRY, AND, IF APPLICABLE, MAKE THE APPROPRIATE REIMBURSEMENTS.

**D)** TO DECLARE AND PAY TO THE TREASURER OF THE FEDERATION, USING FORM 5-A, THE TOTAL AMOUNT COLLECTED FOR THE "DNI" FROM PASSENGERS SUBJECT TO THIS FEE, ACCORDING TO THE PERIODS AND PAYMENT DATES INDICATED IN THE FOLLOWING TABLE:

| PERIOD | PAYMENT DATE |
|---|---|
| FROM JULY 1 TO SEPTEMBER 30 | OCTOBER 31* |
| FROM OCTOBER 1 TO DECEMBER 31 | JANUARY 31* |
| FROM JANUARY 1 TO MARCH 31 | APRIL 30* |
| FROM APRIL 1 TO JUNE 30 | JULY 31* |

* OR THE IMMEDIATELY FOLLOWING BUSINESS DAY, IF A NON-BUSINESS DAY

PAYMENT SHALL BE MADE USING FORM 5-A, INDICATING FEE CODE (427)

**E)** IF THE TOTAL AMOUNT COLLECTED REFERRED TO IN THE RECEIVING SECTION IS NOT DELIVERED WITHIN THE ESTABLISHED PERIOD OF TIME, ANY AIR TRANSPORTATION COMPANIES, AND ANY THAT ADHERE TO THIS AGREEMENT, THAT HAVE FAILED TO COMPLY SHALL PAY THE SURCHARGES PAYABLE BY THE INM, WHICH SHALL PASS THEM THROUGH TO THE AIR TRANSPORTATION COMPANIES AND ANY THAT HAVE ADHERED TO THIS AGREEMENT, AS THE RESULT OF THE FAILURE OR DELAY IN THE PAYMENT OF THE APPROPRIATE DNI.

**F)** TO VERIFY OR CONFIRM THE QUARTERLY DECLARATIONS THAT THE AIR TRANSPORTATION COMPANIES WILL SUBMIT TO THE "INM" FOR THE COLLECTION OF THE DNI, THE LATTER MAY HAVE ACCESS TO THE COMPANIES' DEPARTURE MANIFESTS OR THE ACCOUNTING RECORDS FOR THE "DNI", IN THOSE THAT BREAK OUT THE PAYERS OF THIS FEE, AS APPLICABLE.

THE INM MAY REVIEW THE DECLARATIONS FILED BY THE AIR TRANSPORTATION COMPANIES IN CONNECTION WITH THE COLLECTION OF THE DNI WITHIN A PERIOD OF NO MORE THAN 1 YEAR AFTER THE DATE OF THE SUBMISSION THEREOF.

AFTER MAKING THE PAYMENT ACCORDING TO THE SCHEDULE DESCRIBED IN SECTION D) ABOVE, THE AIR TRANSPORTATION COMPANIES SHALL, WITHIN 3 BUSINESS DAYS OF DOING SO, FAX THE "INM" A COPY OF THE DECLARATION MADE ON FORM 5-A, AND WITHIN THE FOLLOWING 10 BUSINESS DAYS, A PHOTOSTATIC COPY OF SUCH PROOF OF PAYMENT ATTACHED TO A WRITTEN DOCUMENT ISSUED BY "THE AIR TRANSPORTATION COMPANIES" INDICATING THE PERIOD FOR WHICH PAYMENT IS MADE.

**FOUR.-** "INTERIOR'S" OBLIGATIONS:

IN ACCORDANCE WITH CLAUSE 2, INTERIOR, ACTING THROUGH THE "I.N.M.", SHALL BE OBLIGATED TO:

**A)** TIMELY NOTIFY THE "CANAERO", ON A QUARTERLY BASIS, WITHIN A PERIOD OF 10 BUSINESS DAYS PRIOR TO THE LAST DAY OF THE MONTH, OF THE AMOUNT OF THE "DNI", AS WELL AS ANY OTHER PERTINENT INFORMATION, IN ORDER FOR IT, IN TURN, TO INFORM "THE AIR TRANSPORTATION COMPANIES" THEREOF.

**B)** SUPERVISE AND CHECK "THE AIR TRANSPORTATION COMPANIES" WITH RESPECT TO THE OBLIGATIONS THAT THEY ASSUME HEREUNDER.

**FIVE.-** THE "CANAERO'S" OBLIGATIONS.

TO COMPLY WITH THE COMMITMENTS ASSUMED UNDER THIS AGREEMENT, CANAERO AGREES TO:

**A)** RECEIVE FROM "INTERIOR", THROUGH THE "I.N.M.", THE NOTICE OF THE VARIATIONS OF THE AMOUNT OF "DNI", UNDER CLAUSE FOUR, SECTION A).

**B)** NOTIFY "THE AIR TRANSPORTATION COMPANIES", AND THOSE THAT ADHERE TO THIS AGREEMENT, OF THE AMOUNT OF THE DNI, IN ORDER FOR THEM TO APPLY IT TO THE FOREIGN PASSENGERS: ANY TOURISTS, TRANSMIGRANTS, VISITING BUSINESSMEN AND CONSULTANTS OBLIGATED TO PAY THIS FEE WHO PURCHASE AN INTERNATIONAL AIR TICKET INSIDE OR OUTSIDE OF MEXICO, WHOSE ENTRY INTO THE COUNTRY IS ON OR AFTER THE FIRST DAY OF JULY 1999, IN ACCORDANCE WITH THE RULES ISSUED BY THE SECRETARIAT OF THE TREASURY AND PUBLIC CREDIT (EXHIBIT 3)

**C)** PROMOTE THE ADHERENCE OF THE AIR TRANSPORTATION COMPANIES TO THIS AGREEMENT.

**SIX.-** NOTICES.

7

"THE AIR TRANSPORTATION COMPANIES" DESIGNATE, AS THEIR DOMICILES FOR THE PURPOSES OF THIS AGREEMENT, THOSE INDICATED IN EXHIBIT 1.

ANY PARTY THAT CHANGES ITS DOMICILE IN THE FUTURE MUST NOTIFY THE COUNTERPARTIES THEREOF IN WRITING WITHIN A PERIOD OF NO MORE THAN 10 DAYS; IF THE AFOREMENTIONED NOTICE IS NOT GIVEN, NOTICES SHALL BE EFFECTIVE AT THE LAST DOMICILE RECORDED. IN ORDER TO FACILITATE RELIABLE AND EFFECTIVE COMMUNICATIONS, THE PARTIES SHALL FORMALLY DESIGNATE, IN WRITING, A PERSON WHO WILL BE RESPONSIBLE FOR SERVING AS THE LIAISON FOR COMPLIANCE WITH THIS AGREEMENT. THE NAME, DOMICILE, TELEPHONE AND FAX NUMBER OF SUCH PERSON SHALL BE PROVIDED WITHIN A PERIOD OF 5 DAYS AFTER THE EXECUTION HEREOF.

**SEVEN.-** FORM OF COLLECTION.

THE COLLECTION OF THE "DNI" BY THE AIR TRANSPORTATION COMPANIES AND ANY THAT ADHERE TO THIS AGREEMENT SHALL BE MADE IN MEXICAN PESOS OR THE EQUIVALENT THEREOF IN A FOREIGN CURRENCY. HOWEVER, IT SHALL ALWAYS BE PAID TO THE TREASURY IN MEXICAN PESOS, AS AGREED IN THIS INSTRUMENT AND THE EXHIBITS THERETO.

THE COLLECTION OF THE "DNI" SHALL BE INCLUDED IN THE AIRLINE TICKET.

IN THE EVENT THAT THE "DNI" IS NOT COLLECTED IN THE AIRLINE TICKET ITSELF, IT SHALL BE PAID BY THE FEE PAYER TO "THE AIR TRANSPORTATION COMPANIES" AT THE TIME THAT HIS DEPARTURE FROM THE COUNTRY IS DOCUMENTED.

**EIGHT.-** OBJECTIONS.

IN THE EVENT THAT THE AIR TRANSPORTATION COMPANIES HAVE PAID IN EXCESS OF THE AMOUNTS COLLECTED FOR THE DNI, THEY SHALL NOTIFY THE I.N.M. THEREOF, WHICH SHALL MAKE A RULING ON SUCH WITHIN A PERIOD OF 15 CALENDAR DAYS FROM THE DATE OF THE NOTICE. IN THE EVENT THAT THE I.N.M. DOES NOT RESOLVE THE OBJECTION WITHIN THE ESTABLISHED PERIOD OF TIME, IT SHALL BE DEEMED VALID.

IF IT IS NOT ACCEPTED AND THERE IS AN OBJECTION BY "THE AIR TRANSPORTATION COMPANIES" WITH RESPECT TO THE AMOUNT OF "DNI" PAID, THE COMPANIES THEMSELVES MAY SUBMIT THEIR OBJECTION IN WRITING TO THE "I.N.M." WITHIN A MAXIMUM PERIOD OF 30 CALENDAR DAYS AFTER THEY RECEIVE THE "OFFICIAL LETTER OF NOTICE". THE FOREGOING SHALL NOT SUSPEND THE OBLIGATION TO DELIVER THE TOTAL AMOUNT OF THE "DNI" INDICATED IN SUCH OFFICIAL LETTER, WITHIN THE PERIOD OF TIME PROVIDED.

IN THE CASE OF VALID OBJECTIONS, THE AIR TRANSPORTATION COMPANIES MAY SET THEM OFF IN THE PAYMENT IMMEDIATELY FOLLOWING THE RULING, IN WHICH EVENT THEY SHALL NOTIFY THE "I.N.M."; THE AFOREMENTIONED AIR TRANSPORTATION COMPANIES SHALL RESERVE THEIR RIGHT WITH RESPECT TO THE RECOVERY OF THE CHARGES INVOLVED, WHICH SHALL BE ACCOMPANIED BY A COPY OF THE APPLICABLE "RULING ON OBJECTION" DOCUMENT. IF NO SUCH COPY EXISTS, THEY SHALL SUBMIT A COPY OF THE OBJECTION DOCUMENT WITH SUCH, STAMPED RECEIVED BY THE I.N.M., PROVIDED THAT 15 CALENDAR DAYS HAVE ELAPSED SINCE THE RESPONSE WAS RECEIVED FROM THE "I.N.M.".

THE INTENT OF THE PARTIES IS TO REDUCE OBJECTIONS RELATED TO THE PROCEDURES TO A MINIMUM, FOR WHICH THE "CANAERO AND INTERIOR" SHALL HAVE PERIODIC MEETINGS AIMED AT THE REVIEW OF SUCH, THE FIRST OF WHICH SHALL BE NINETY DAYS AFTER THE DATE THAT THIS AGREEMENT IS SIGNED.

**NINE.-** ADJUSTMENT OF THE CALCULATION.

THE I.N.M., AS THE RESULT OF THE EXERCISE OF THE POWER OF VERIFICATION REFERRED TO IN CLAUSE THREE, SECTION G), AND IF THE "I.N.M." HAS AN OBJECTION, IT SHALL GIVE NOTICE OF THE CALCULATION THEREOF, WHICH SHALL BE DEEMED VALID AFTER THIRTY DAYS AFTER SUCH NOTICE IS GIVEN, IF THERE IS NO OBJECTION BY THE "AIR TRANSPORTATION COMPANIES", WHICH SHALL PAY SUCH WITHIN THIRTY BUSINESS DAYS AFTER THE DATE OF THE RECEIPT OF THE OFFICIAL LETTER OF NOTICE.

**TEN .-** ADHERENCE TO THIS AGREEMENT.

"THE AIR TRANSPORTATION COMPANIES" MAY ADHERE TO THIS AGREEMENT, THROUGH THEIR RESPECTIVE LEGAL REPRESENTATIVES, BY SIGNING EXHIBIT 1 ATTACHED HERETO, OR BY SENDING THE "I.N.M." AN OFFICIAL COMMUNICATION FROM THE COMPANY TO SUCH EFFECT, WITH A COPY FOR THE "CANAERO", IN ORDER FOR THE OBLIGATIONS AGREED TO HEREIN TO BE DEEMED ASSUMED AS THEIR RESPONSIBILITY.

**ELEVEN.-** PROCEDURE.

FOR THE PURPOSE OF PRECISELY DEFINING THE OPERATIONAL ASPECTS OF THE COMMITMENTS ASSUMED HEREIN, "INTERIOR" AND THE "CANAERO" SHALL PREPARE A PROCEDURE TO BE FOLLOWED. THIS SHALL BE AN INTEGRAL PART OF THIS AGREEMENT AS EXHIBIT NO. 4.

9

SUCH PROCEDURE MAY BE MODIFIED FROM TIME TO TIME, DEPENDING THE NEED TO FACILITATE THE COLLECTION AND PAYMENT OF THE DNI, BY AGREEMENT OF THE PARTIES.

**TWELVE.-** TERM.

THIS AGREEMENT SHALL HAVE A TERM OF SIX MONTHS FROM THE DATE THAT IT IS SIGNED AND AS LONG AS THE DNI ON WHICH IT IS BASED CONTINUES TO EXIST. IN THE EVENT THAT EITHER PARTY WOULD LIKE TO TERMINATE IT IN WRITING, IT MUST NOTIFY THE OTHERS IN WRITING WITHIN A PERIOD OF 90 CALENDAR DAYS PRIOR TO THE TERMINATION DATE.

THE PARTIES STATE THEIR AGREEMENT THAT, IN THE EVENT OF ANY DISPUTE IN THE INTERPRETATION OF, IMPLEMENTATION OF, OR COMPLIANCE WITH, THIS AGREEMENT, THEY SHALL SUBMIT TO THE JURISDICTION OF THE COURTS OF MEXICO CITY, FEDERAL DISTRICT, AND WAIVE ANY JURISDICTION THAT THEY MIGHT BE ENTITLED TO ASSERT BASED ON THEIR CURRENT OR FUTURE DOMICILES.

THE PARTIES, BEING FAMILIAR WITH THE CONTENT AND LEGAL SCOPE OF THIS AGREEMENT AND THE EXHIBITS THERETO, WHICH ARE AN INTEGRAL PART THEREOF, SIGN IT IN WITNESS THEREOF IN SEXTUPLICATE, IN MEXICO CITY, FED. DIST., ON THE 30TH DAY OF THE MONTH OF JUNE OF NINETEEN NINETY-NINE.

FOR "INTERIOR"                          FOR "INTERIOR"

[SIGNATURE]                             [SIGNATURE]

**MR. JOSÉ ÁNGEL PESCADOR OSUNA**      **MR. GERARDO CAJIGA ESTRADA**
**UNDERSECRETARY FOR POPULATION AND**      **SENIOR OFFICIAL**
**IMMIGRATION SERVICES**

FOR THE "I.N.M."

**DR. ALEJANDRO CARRILLO CASTRO**
**COMMISSIONER OF THE NATIONAL MIGRATION INSTITUTE**

10

**Last page of the Agreement to establish the systems, procedures and instructions regarding the collection of fees for immigration services for Non-immigrants, in their status as Tourists (FMT), Transmigrants (FM6), and Visiting Consultants (FMVC), hereinafter referred to as the "DNI," referred to in Article 8, Sections i, III and VIII of the Federal Fee Law.**

## FOR THE "CANAERO"

[SIGNATURE]                                    [SIGNATURE]

**JUAN I. STETA, P.E.**              **MR. JAVIER CRISTLIEB**
**PRESIDENT**                                    **SECRETARY**

[SIGNATURE]

**MR. GABRIEL ORTEGA ALCOCER**
**EXECUTIVE DIRECTOR**

## FOR "THE AIR TRANSPORTATION COMPANIES"

CONVENIO DE COLABORACIÓN Y CONCERTACIÓN QUE CELEBRAN POR UNA PARTE LA SECRETARÍA DE GOBERNACIÓN, POR CONDUCTO DE LA SUBSECRETARÍA DE POBLACIÓN Y DE SERVICIOS MIGRATORIOS, REPRESENTADA POR SU TITULAR EL C. LIC. JOSÉ ANGEL PESCADOR OSUNA Y POR EL OFICIAL MAYOR, C. LIC. GERARDO CAJIGA ESTRADA ASISTIDOS POR EL COMISIONADO DEL INSTITUTO NACIONAL DE MIGRACIÓN, A QUIEN EN LO SUCESIVO SE LE DENOMINARÁ "I.N.M.", DR. ALEJANDRO CARRILLO CASTRO, A QUIEN EN LO SUCESIVO SE LE DENOMINARÁ "GOBERNACIÓN", Y LA CÁMARA NACIONAL DE AEROTRANSPORTES REPRESENTADA POR SU PRESIDENTE, EL C. ING. JUAN I. STETA, ASISTIDO POR EL SECRETARIO C. LIC. JAVIER CHRISTLIEB MORALES, Y POR SU DIRECTOR GENERAL, LIC. GABRIEL ORTEGA ALCOCER, A QUIEN EN LO SUCESIVO SE LE DENOMINARÁ LA "CANAERO", Y LAS EMPRESAS DE TRANSPORTE AÉREO AFILIADAS A LA "CANAERO" Y LAS QUE SE ADHIERAN AL PRESENTE CONVENIO, A TRAVÉS DE SUS REPRESENTANTES, CUYA RELACIÓN SE ACOMPAÑA, COMO ANEXO NÚMERO 1, A LAS QUE EN ADELANTE SE LES DENOMINARÁ "LAS EMPRESAS DE TRANSPORTE AÉREO", CON EL PROPÓSITO DE ESTABLECER LAS BASES DE COLABORACIÓN ENTRE LAS PARTES, A FIN DE DAR CUMPLIMIENTO A LAS REGLAS ADMINISTRATIVAS DICTADAS POR LA SECRETARÍA DE HACIENDA Y CRÉDITO PÚBLICO PARA ESTABLECER LOS SISTEMAS, PROCEDIMIENTOS E INSTRUCCIONES EN MATERIA DE RECAUDACIÓN DEL COBRO DE LOS DERECHOS POR SERVICIOS MIGRATORIOS A NO INMIGRANTES, EN SUS CARACTERÍSTICAS DE TURISTAS (FMT), TRANSMIGRANTES (FM6) Y VISITANTES HOMBRES DE NEGOCIOS (FMN), Y VISITANTES CONSEJEROS (FMVC), EN ADELANTE NOMINADO "DNI", A QUE SE REFIERE EL ARTÍCULO 8° DE LA LEY FEDERAL DE DERECHOS, FRACCIONES I, III Y VIII.

## ANTECEDENTES.

I. QUE LA LEY GENERAL DE POBLACIÓN SEÑALA QUE CORRESPONDE A LA SECRETARÍA DE GOBERNACIÓN EN MATERIA MIGRATORIA, ORGANIZAR Y COORDINAR LOS DISTINTOS SERVICIOS MIGRATORIOS; VIGILAR LA ENTRADA Y SALIDA DE LOS NACIONALES Y EXTRANJEROS; REVISAR LA DOCUMENTACIÓN DE LOS MISMOS; APLICAR LA LEY Y SU REGLAMENTO; ASÍ COMO LAS DEMÁS FACULTADES QUE LE CONFIEREN OTRAS DISPOSICIONES LEGALES.

II. QUE LA SECRETARÍA DE GOBERNACIÓN, POR CONDUCTO DEL INSTITUTO NACIONAL DE MIGRACIÓN, EN POLÍTICA DE MATERIA MIGRATORIA, SE HA PLANTEADO EN LA PRESENTE ADMINISTRACIÓN, COMO OBJETIVOS ESTRATÉGICOS:

A) CONTRIBUIR, DE MANERA PERMANENTE, EN LA DEFINICIÓN Y ACTUALIZACIÓN DE UNA POLÍTICA MIGRATORIA QUE RESPONDA A LOS OBJETIVOS NACIONALES Y ALIENTE LOS FLUJOS MIGRATORIOS QUE BENEFICIEN AL PAÍS.

1

**B)** EJERCER LAS FACULTADES DE VIGILANCIA MIGRATORIA EN EL TERRITORIO NACIONAL, EN UN MARCO DE RESPETO A LA LEY Y A LOS DERECHOS HUMANOS DE LOS MIGRANTES.

**C)** MEJORAR LA CALIDAD DE LOS SERVICIOS, A TRAVÉS DE LA SIMPLIFICACIÓN DE TRÁMITES, EL DESARROLLO DEL PERSONAL, LA MODERNIZACIÓN TECNOLÓGICA, EL FORTALECIMIENTO DE LA EFICIENCIA ADMINISTRATIVA, LA COLABORACIÓN INTERINSTITUCIONAL Y EL FOMENTO DE UNA CULTURA DE SERVICIO Y HONESTIDAD.

**III.** EN ESTE CONTEXTO, SE APROBÓ POR EL EJECUTIVO FEDERAL, ENTRE OTROS PROGRAMAS, EL DE NUEVAS FUENTES DE FINANCIAMIENTO DEL PROPIO INSTITUTO, A FIN DE OPTIMIZAR SUS RECURSOS Y APLICARLOS PARA EL MEJOR CUMPLIMIENTO DE LOS OBJETIVOS ESTRATÉGICOS YA MENCIONADOS.  UNA DE LAS ACCIONES CONSECUENTES, ES EL ESTABLECIMIENTO DEL COBRO DE LOS DERECHOS POR SERVICIOS MIGRATORIOS A NO INMIGRANTES, EN SUS CARACTERÍSTICAS DE TURISTAS, TRANSMIGRANTES Y PERSONAS DE NEGOCIOS,  Y VISITANTES CONSEJEROS, EN ADELANTE NOMINADO "DNI", PREVISTO EN EL ARTÍCULO 8 FRACCIONES I, III Y VIII DE LA LEY FEDERAL DE DERECHOS, CUYAS REFORMAS Y ADICIONES FUERON PUBLICADAS EN EL DIARIO OFICIAL DE LA FEDERACIÓN EL 31 DE DICIEMBRE DE 1998. ASIMISMO, CON FECHA  3 DE MARZO DEL PRESENTE AÑO FUE PUBLICADA EN EL DIARIO OFICIAL DE LA FEDERACIÓN LA MISCELÁNEA FISCAL PARA 1999, QUE EN SU NUMERAL 9, RELATIVO A DERECHOS, CONCRETAMENTE EN LAS REGLAS 9.2., 9.3. Y 9.4, Y EN LA QUINTA RESOLUCIÓN QUE MODIFICA A LA MISCELÁNEA FISCAL PARA 1999 EN SUS REGLAS 9.2, 9.4., 9.5. Y 9.21, CONTIENEN DIVERSAS DISPOSICIONES RELACIONADAS CON EL ARTÍCULO 8 FRACCIONES I, III Y VIII DE LA LEY FEDERAL DE DERECHOS, PARA EFECTOS DEL COBRO DEL "DNI".

**IV.** QUE EL CÓDIGO FISCAL DE LA FEDERACIÓN ESTABLECE QUE LA RECAUDACIÓN DE TODOS LOS INGRESOS DE LA FEDERACIÓN, AÚN CUANDO ESTÉN DESTINADOS A FINES ESPECÍFICOS, SE HARÁ POR CONDUCTO DE LA SECRETARÍA DE HACIENDA Y CRÉDITO PÚBLICO O POR LAS OFICINAS QUE ÉSTA AUTORICE (ART. 4 PÁRRAFO 2°). ASIMISMO, EL ARTÍCULO 3°, PÁRRAFO QUINTO, DE LA LEY FEDERAL DE DERECHOS, SEÑALA QUE LOS SERVIDORES PÚBLICOS ENCARGADOS DE LA PRESTACIÓN DE LOS SERVICIOS SERÁN RESPONSABLES DEL COBRO Y ENTERO DE LOS DERECHOS PREVISTOS EN DICHA LEY.

**V.** QUE EN USO DE LAS FACULTADES QUE LE CONFIERE LA LEY DEL SERVICIO DE LA TESORERÍA DE LA FEDERACIÓN, Y EL REGLAMENTO INTERIOR DE LA SECRETARÍA DE HACIENDA Y CRÉDITO PÚBLICO, ÉSTA HA DICTADO LAS REGLAS ADMINISTRATIVAS QUE ESTABLECEN LOS PROCEDIMIENTOS, SISTEMAS, INSTRUCCIONES EN MATERIA DE RECAUDACIÓN DEL DERECHO POR NO INMIGRANTE, A QUE SE REFIERE ESTE CONVENIO, A FIN DE QUE  "CANAERO" Y "LAS EMPRESAS DE TRANSPORTE AÉREO", COLABOREN CON EL "INM", EN EL COBRO DEL "DNI".

2

**VI.** QUE "LAS EMPRESAS DE TRANSPORTE AÉREO" CUENTAN CON EL ESQUEMA, SISTEMAS, MECANISMOS E INFRAESTRUCTURA ADMINISTRATIVA, MISMA QUE SE CONSIDERA SUJETA A SER APROVECHABLE PARA EL COBRO DEL "DNI".

**VII.** QUE EL PLAN NACIONAL DE DESARROLLO 1995-2000, ESTABLECE QUE, EN MATERIA DE MODERNIZACIÓN DE LA ADMINISTRACIÓN PÚBLICA ES NECESARIO AVANZAR CON RAPIDEZ Y EFICACIA HACIA LA PRESTACIÓN DE SERVICIOS INTEGRADOS AL PÚBLICO QUE EVITEN TRÁMITES, AHORREN TIEMPO Y GASTOS, E INHIBAN LA DISCRECIONALIDAD; QUE SE REQUIERE UNA RENOVACIÓN QUE REUTILICE SUS ESQUEMAS DE TRABAJO, REORDENE SUS INCENTIVOS, SIMPLIFIQUE SUS PROCEDIMIENTOS Y MODIFIQUE SUS MÉTODOS DE GESTIÓN.

**VIII.** QUE LA LEY DE PLANEACIÓN ESTABLECE QUE LAS DEPENDENCIAS Y ENTIDADES DEL EJECUTIVO FEDERAL Y LOS PARTICULARES INTERESADOS, PODRÁN CELEBRAR CONVENIOS PARA EL LOGRO DE LAS METAS Y OBJETIVOS PLASMADOS EN EL PLAN NACIONAL DE DESARROLLO.

**IX.** QUE MEDIANTE LA REGLA 9.21, DE LA QUINTA MODIFICACIÓN DE LA RESOLUCIÓN MISCELANEA FISCAL PUBLICADA EN EL DIARIO OFICIAL DE LA FEDERACIÓN EL DÍA 30 DE JUNIO DE 1999, LA SECRETARÍA DE HACIENDA Y CRÉDITO PÚBLICO, AUTORIZÓ QUE EL ENTERO DE LOS DERECHOS PREVISTOS EN EL ARTÍCULO 8, FRACCIONES I, III Y VIII, DE LA LEY FEDERAL DE DERECHOS, SE EFECTUARÁ POR LAS LÍNEAS AÉREAS NACIONALES O INTERNACIONALES CON LAS QUE EL "I.N.M." CELEBRE LOS CONVENIOS CORRESPONDIENTES, DE CONFORMIDAD CON LO QUE ESTABLECE LA PROPIA SECRETARÍA.

**DECLARACIONES.**

1. DE "GOBERNACIÓN".

1.1 QUE ES UNA DEPENDENCIA DEL GOBIERNO FEDERAL DE CONFORMIDAD CON LOS ARTÍCULOS 26 Y 27 DE LA LEY ORGÁNICA DE LA ADMINISTRACIÓN PÚBLICA FEDERAL.

1.2 QUE EL SUBSECRETARIO DE POBLACIÓN Y DE SERVICIOS MIGRATORIOS TIENE FACULTADES PARA SUSCRIBIR EL PRESENTE CONVENIO DE ACUERDO CON LO QUE SEÑALA EL ARTÍCULO 6º, FRACCIÓN IX, DEL REGLAMENTO INTERIOR DE LA PROPIA SECRETARÍA.

1.3 QUE EL OFICIAL MAYOR TIENE FACULTADES PARA SUSCRIBIR EL PRESENTE CONVENIO DE ACUERDO CON LO QUE SEÑALA EL ARTÍCULO 7º, FRACCIÓN X, DEL REGLAMENTO INTERIOR DE LA PROPIA SECRETARÍA.

3

**1.4** QUE CONFORME AL ARTÍCULO 41, DEL REGLAMENTO INTERIOR DE LA SECRETARÍA DE GOBERNACIÓN, PUBLICADO EN EL DIARIO OFICIAL DE LA FEDERACIÓN, EL DIA 31 DE AGOSTO DE 1998, EL INSTITUTO NACIONAL DE MIGRACIÓN ES UN ÓRGANO TÉCNICO DESCONCENTRADO DE LA SECRETARÍA DE GOBERNACIÓN, QUE TIENE POR OBJETO PLANEAR, EJECUTAR, CONTROLAR, SUPERVISAR Y EVALUAR LOS SERVICIOS MIGRATORIOS EN LA REPÚBLICA MEXICANA, A FIN DE GARANTIZAR LA EFICACIA EN LA ATENCIÓN DE LOS PROBLEMAS VINCULADOS CON EL FENÓMENO MIGRATORIO; Y QUE EN EL ARTÍCULO 48 FRACCIONES I Y XIV, DEL MISMO ORDENAMIENTO JURÍDICO, SE OTORGA AL C. COMISIONADO DEL INSTITUTO NACIONAL DE MIGRACIÓN, LA DE FUNGIR COMO SECRETARIO DEL CONSEJO TÉCNICO DEL INM, ASÍ COMO PROPONER LA CELEBRACIÓN DE CONVENIOS Y DEMÁS ACTOS JURÍDICOS RELACIONADOS CON LA PRESTACIÓN DEL SERVICIO MIGRATORIO.

**1.5** QUE HA SOLICITADO LA COLABORACIÓN DE "CANAERO" Y "LAS EMPRESAS DE TRANSPORTE AÉREO" PARA LLEVAR A CABO EL COBRO DEL "DNI", BAJO EL ESQUEMA YA DESCRITO.

**1.6** QUE SEÑALA COMO DOMICILIO PARA LOS EFECTOS DEL PRESENTE CONVENIO, EL UBICADO EN HOMERO 1832, COL. LOS MORALES, DELEGACIÓN MIGUEL HIDALGO, C.P. 11510, MÉXICO, DISTRITO FEDERAL.

**2. LA "CANAERO" DECLARA:**

**2.1.** QUE ACREDITA SU LEGAL CONSTITUCIÓN MEDIANTE ESCRITURA PÚBLICA N° 51949, DE FECHA CINCO DE NOVIEMBRE DE 1966, PASADA ANTE LA FE DEL SEÑOR LICENCIADO GRACIANO CONTRERAS, NOTARIO PÚBLICO NO. 54, DEBIDAMENTE INSCRITA EN EL REGISTRO PÚBLICO DE COMERCIO DE LA CIUDAD DE MÉXICO, DISTRITO FEDERAL.

**2.2.** QUE EL PRESIDENTE, EL SECRETARIO, Y EL DIRECTOR GENERAL CUENTAN CON FACULTADES PARA CELEBRAR ESTE CONVENIO, MANIFESTANDO BAJO PROTESTA DE DECIR VERDAD QUE NO LES HAN SIDO REVOCADAS NI LIMITADAS.

**2.3.** QUE SU OBJETO SOCIAL, ENTRE OTROS, ES EL DE REPRESENTAR LOS INTERESES GENERALES DE LOS INDUSTRIALES QUE SE DEDICAN AL TRANSPORTE AÉREO, CON OFICINAS ESTABLECIDAS EN LA REPÚBLICA MEXICANA, ASÍ COMO A SUS ASOCIADOS ANTE CUALQUIER AUTORIDAD.

**2.4.** QUE SEÑALA COMO DOMICILIO LEGAL, PARA LOS EFECTOS DEL PRESENTE CONVENIO, LA AVENIDA PASEO DE LA REFORMA NO. 509, COLONIA CUAUHTÉMOC, DELEGACIÓN CUAUHTÉMOC, CÓDIGO POSTAL 06500, MÉXICO, DISTRITO FEDERAL.

**3. "LAS EMPRESAS DE TRANSPORTE AÉREO" DECLARAN:**

4

3.1 QUE SON EMPRESAS LEGALMENTE CONSTITUIDAS, CONFORME A LAS LEYES DE LA MATERIA, SEGÚN CONSTA EN EL REGISTRO AERONÁUTICO MEXICANO Y QUE, BAJO PROTESTA DE DECIR VERDAD, SUS REPRESENTANTES MANIFIESTAN TENER FACULTADES PARA LA CELEBRACIÓN DE ESTE CONVENIO.

POR LO AQUÍ EXPUESTO, Y CON FUNDAMENTO EN LOS ARTÍCULOS 26, 27, 45 Y 50 DE LA LEY ORGÁNICA DE LA ADMINISTRACIÓN PÚBLICA FEDERAL; 1º, 4º, 37, 38 Y 39 DE LA LEY DE PLANEACIÓN; 1º, 2º, 14, 15 21 Y 22 DE LA LEY FEDERAL DE ENTIDADES PARAESTATALES; 1º Y 7º DE LA LEY GENERAL DE POBLACIÓN; 6º DE LA LEY DE SERVICIO DE LA TESORERÍA DE LA FEDERACIÓN; 1º, 2º, 3º Y 8º DE LA LEY FEDERAL DE DERECHOS; 1º, 2º. 6º, 41, 42, 43 DEL REGLAMENTO INTERIOR DE LA SECRETARÍA DE GOBERNACIÓN, LAS PARTES SE SUJETAN A LAS SIGUIENTES:

## CLAÚSULAS

**PRIMERA.-** DEL OBJETO.

EL PRESENTE CONVENIO TIENE POR OBJETO ESTABLECER LA DEBIDA COORDINACIÓN ENTRE LAS PARTES, A FIN DE CUMPLIR CON EL PROCEDIMIENTO ESTABLECIDO EN ÉSTE INSTRUMENTO EN MATERIA DE RECAUDACIÓN DEL DERECHO DE SERVICIOS MIGRATORIOS PARA NO INMIGRANTES, ESTABLECIDO EN EL ARTÍCULO 8, FRACCIONES I, III, VIII, DE LA LEY FEDERAL DE DERECHOS Y DE ACUERDO A LA RESOLUCIÓN MISCELÁNEA FISCAL PARA 1999, QUE FORMA PARTE INTEGRANTE DE ESTE INSTRUMENTO Y QUE SE PRESENTAN COMO ANEXO 3. APROVECHANDO EL ESQUEMA, SISTEMAS, MECÁNICA E INFRAESTRUCTURA ADMINISTRATIVA, CON QUE CUENTAN "LAS EMPRESAS DE TRANSPORTE ÁEREO".

**SEGUNDA.-** DE LAS OBLIGACIONES DE LAS PARTES.

LAS PARTES COORDINARÁN Y CONCERTARÁN SUS ACCIONES CONFORME AL PROCEDIMIENTO PARA LA RECAUDACIÓN, CONCENTRACIÓN Y CONTROL DEL "DNI", AUTORIZADO POR LA SECRETARÍA DE HACIENDA Y CRÉDITO PÚBLICO, MISMO QUE ACORDADO POR LAS PARTES FORMA PARTE INTEGRANTE DE ESTE CONVENIO, COMO ANEXO NÚMERO 2.

LAS PARTES ESTÁN DE ACUERDO EN ESTABLECER UN MECANISMO QUE PERMITA LA REVISIÓN DEL ENTERO DEL "DNI", CUANDO LA VARIACIÓN ENTRE LA CIFRA ESTIMADA POR EL INM Y LA ENTERADA POR "LAS EMPRESAS DE TRANSPORTE AÉREO" SEA MAYOR AL 5%

**TERCERA.-** OBLIGACIONES DE "LAS EMPRESAS DE TRANSPORTE AÉREO":

5

**A).** RECIBIR LA NOTIFICACIÓN DEL "I.N.M." RESPECTO DE LAS VARIACIONES DEL MONTO DEL "DNI", ASÍ COMO LA DEMÁS INFORMACIÓN QUE SEA NECESARIA PARA EL CUMPLIMIENTO DE LOS OBJETIVOS DE ESTE CONVENIO.

**B)** COBRAR A LOS CAUSANTES DEL "DNI", LA CUOTA APLICABLE CONFORME A LA LEY FEDERAL DE DERECHOS, COMO COLABORADORES DEL " I.N.M.".

**C)** DISCRIMINAR LOS CASOS EN LOS QUE EL "DNI" NO ES APLICABLE, ENTRE ELLOS LOS NACIONALES MEXICANOS QUE ADQUIERAN BOLETOS DE TRANSPORTE AÉREO EN EL EXTRANJERO Y, EN SU CASO, EFECTUAR LOS REEMBOLSOS CORRESPONDIENTES.

**D)** DECLARAR Y ENTERAR A LA TESORERÍA DE LA FEDERACIÓN, MEDIANTE EL FORMULARIO 5-A, EL MONTO TOTAL COBRADO POR CONCEPTO DEL "D.N.I." DE LOS PASAJEROS SUJETOS A ESTE DERECHO, CONFORME A LOS PERIODOS Y FECHAS DE ENTERO QUE SE SEÑALAN EN LA SIGUIENTE TABLA:

| PERIODO | FECHA DE ENTERO |
|---|---|
| DEL 01 DE JULIO AL 30 DE SEPTIEMBRE | 31 DE OCTUBRE* |
| DEL 01 DE OCTUBRE AL 31 DE DICIEMBRE | 31 DE ENERO* |
| DEL 01 DE ENERO AL 31 DE MARZO | 30 DE ABRIL* |
| DEL 01 DE ABRIL AL 30 DE JUNIO | 31 DE JULIO* |

\* Ó AL SIGUIENTE DÍA HÁBIL INMEDIATO POSTERIOR, SI ESTE FUERA INHABIL.

LOS PAGOS SE HARÁN UTILIZANDO LA FORMA 5-A, SEÑALANDO LA CLAVE DEL DERECHO (427)

**E)** EN CASO DE NO ENTREGAR EL MONTO TOTAL DE LO COBRADO A QUE SE REFIERE EL INCISO ANTERIOR, EN EL TÉRMINO ESTABLECIDO, "LAS EMPRESAS DE TRANSPORTE AÉREO" Y LAS QUE SE ADHIERAN AL PRESENTE CONVENIO QUE HAYAN INCUMPLIDO, CUBRIRÁN LOS RECARGOS QUE RESULTEN A CARGO DEL "INM", QUIEN TRASLADARÁ LOS MISMOS A "LAS EMPRESAS DE TRANSPORTE AÉREO" Y DE AQUELLAS QUE SE ADHIERAN AL PRESENTE CONVENIO, COMO EFECTO DE LA OMISIÓN O DEL RETRASO EN EL PAGO DEL "DNI" CORRESPONDIENTE.

**F)** PARA VERIFICAR O CONSTATAR LAS DECLARACIONES TRIMESTRALES QUE PRESENTARÁN "LAS EMPRESAS DE TRANSPORTE AÉREO" AL "INM", POR LA RECOLECCIÓN DEL "DNI", ÉSTE PODRÁ TENER ACCESO A LOS MANIFIESTOS DE SALIDA O A LOS REGISTROS CONTABLES DEL "DNI" DE LAS EMPRESAS, EN LOS QUE SE DISTINGA A LOS CAUSANTES DE ÉSTE DERECHO, SEGÚN SEA EL CASO.

EL "INM" PODRÁ VERIFICAR LAS DECLARACIONES PRESENTADAS POR LAS "EMPRESAS DE TRANSPORTE AÉREO" POR MOTIVO DE LA RECOLECCIÓN DEL "DNI" DENTRO DE UN PERIODO QUE NO EXCEDERÁ DE 1 AÑO DE LA FECHA DE SU PRESENTACIÓN.

6

HABIENDO EFECTUADO EL PAGO DE ACUERDO CON LO QUE SE SEÑALA EN EL CALENDARIO DESCRITO EN EL INCISO D). ANTERIOR, "LAS EMPRESAS DE TRANSPORTE AÉREO" DENTRO DE LOS 3 DÍAS HÁBILES SIGUIENTES A QUE SE HIZO ÉSTE, DEBERÁN ENVIAR POR FAX AL "INM" COPIA DE LA DECLARACIÓN EFECTUADA EN LA FORMA 5-A Y DENTRO DE LOS 10 DÍAS HÁBILES SIGUIENTES, COPIA FOTOSTÁTICA DE DICHO COMPROBANTE DE PAGO ANEXA A UN ESCRITO EMITIDO POR "LAS EMPRESAS DE TRANSPORTE AÉREO", EN EL QUE SE INDIQUE EL PERIODO QUE SE PAGA.

**CUARTA.-** OBLIGACIONES DE "GOBERNACIÓN".

DE CONFORMIDAD CON LA CLÁUSULA SEGUNDA, "GOBERNACIÓN" SE OBLIGA, POR CONDUCTO DEL "I.N.M.", A:

**A)** NOTIFICAR OPORTUNAMENTE A LA "CANAERO" EN FORMA TRIMESTRAL Y EN UN TÉRMINO DE DIEZ DÍAS NATURALES ANTERIORES AL ÚLTIMO DÍA DEL MES, EL MONTO DEL "DNI", ASÍ COMO CUALQUIER OTRA INFORMACIÓN PERTINENTE, PARA QUE ÉSTA, A SU VEZ, LO HAGA DEL CONOCIMIENTO DE "LAS EMPRESAS DE TRANSPORTE AÉREO".

**B)** SUPERVISAR Y VERIFICAR A "LAS EMPRESAS DE TRANSPORTE AÉREO" RESPECTO A LAS OBLIGACIONES QUE CONTRAE EN EL PRESENTE INSTRUMENTO.

**QUINTA.-** OBLIGACIONES DE "CANAERO".

PARA EL CUMPLIMIENTO DE LOS COMPROMISOS CONTRAIDOS EN ÉSTE CONVENIO LA "CANAERO", SE OBLIGA A:

**A)** RECIBIR DE "GOBERNACIÓN", POR MEDIO DEL "I.N.M.", LA NOTIFICACIÓN DE LAS VARIACIONES DEL MONTO DEL "DNI", CONFORME A LA CLÁUSULA CUARTA INCISO A).

**B)** NOTIFICAR A "LAS EMPRESAS DE TRANSPORTE AÉREO" Y A LAS QUE SE ADHIERAN A ÉSTE CONVENIO, EL MONTO DEL "DNI", PARA QUE LO APLIQUEN A LOS PASAJEROS EXTRANJEROS: TURISTAS, TRANSMIGRANTES, HOMBRES DE NEGOCIOS Y VISITANTES CONSEJEROS, CAUSANTES DE ESTE DERECHO Y QUE ADQUIERAN BOLETO AÉREO INTERNACIONAL, DENTRO O FUERA DEL TERRITORIO NACIONAL, CUYO INGRESO AL PAÍS SEA A PARTIR DEL DÍA PRIMERO DE JULIO DE 1999, CONFORME A LAS REGLAS EMITIDAS POR LA SECRETARÍA DE HACIENDA Y CRÉDITO PÚBLICO (ANEXO 3).

**C)** PROMOVER LA ADHESIÓN DE "LAS EMPRESAS DE TRANSPORTE AÉREO", AL PRESENTE CONVENIO.

**SEXTA.-** DE LAS NOTIFICACIONES.

7

"LAS EMPRESAS DE TRANSPORTE AÉREO", SEÑALAN COMO SUS DOMICILIOS PARA EFECTOS DE ÉSTE CONVENIO, LOS QUE SE MENCIONAN EN EL ANEXO 1.

CUALQUIERA DE LAS PARTES QUE CAMBIARA SU DOMICILIO EN EL FUTURO, DEBERÁ DAR AVISO POR ESCRITO A SUS CONTRAPARTES DE TAL CIRCUNSTANCIA, EN UN PLAZO NO MAYOR DE 10 DÍAS; DE NO EFECTUAR EL AVISO SEÑALADO, LAS NOTIFICACIONES SURTIRÁN SUS EFECTOS EN EL ÚLTIMO DOMICILIO QUE SE TENGA REGISTRADO, PARA FACILITAR UNA COMUNICACIÓN CONFIABLE Y EFECTIVA, LAS PARTES SE COMPROMETAN A DESIGNAR FORMALMENTE Y POR ESCRITO A UN RESPONSABLE QUE SERVIRÁ DE ENLACE PARA EL CUMPLIMIENTO DEL PRESENTE CONVENIO, EL NOMBRE, DOMICILIO, TELÉFONO Y FAX DE DICHA PERSONA DEBERÁ DARSE A CONOCER EN UN PLAZO DE CINCO DÍAS A PARTIR DE LA FIRMA DEL PRESENTE INSTRUMENTO.

**SÉPTIMA.-** FORMA DE COBRO.

EL COBRO DEL "DNI" QUE EFECTÚEN "LAS EMPRESAS DE TRANSPORTE AÉREO", Y AQUELLAS QUE SE ADHIERAN AL PRESENTE CONVENIO, SE REALIZARÁ EN PESOS MEXICANOS O EN SU EQUIVALENTE EN MONEDA EXTRANJERA, SIN EMBARGO SU ENTERO SE EFECTUARÁ SIEMPRE EN MONEDA NACIONAL, DE CONFORMIDAD A LO PACTADO EN EL PRESENTE INSTRUMENTO Y SUS ANEXOS.

EL COBRO DEL "DNI", QUEDARÁ INCLUÍDO EN EL BOLETO DE AVIÓN.

EN CASO DE QUE EL "DNI" NO SEA COBRADO EN EL PROPIO BOLETO DE AVIÓN, EL MISMO SE PAGARÁ POR EL CAUSANTE A "LAS EMPRESAS DE TRANSPORTE AÉREO" AL MOMENTO DE DOCUMENTAR SU SALIDA DEL PAÍS.

**OCTAVA.-** DE LAS INCONFORMIDADES.

EN CASO DE QUE "LAS EMPRESAS DE TRANSPORTE AÉREO" HAYAN PAGADO EXCEDENTES DE LOS MONTOS COBRADOS POR EL "DNI", LE NOTIFICARÁN AL "I.N.M." ÉSTA CIRCUNSTANCIA, QUIEN DETERMINARÁ LO CONDUCENTE EN UN TÉRMINO DE 15 DÍAS NATURALES A PARTIR DE LA FECHA DE NOTIFICACIÓN. EN CASO DE QUE EL "I.N.M." NO RESUELVA LA INCONFORMIDAD EN EL PLAZO ESTABLECIDO, ÉSTA SE CONSIDERARÁ PROCEDENTE.

DE NO SER ACEPTADA Y EXISTA INCONFORMIDAD POR PARTE DE "LAS EMPRESAS DE TRANSPORTE AÉREO" RESPECTO AL MONTO PAGADO DEL "DNI", LAS PROPIAS EMPRESAS PODRÁN REMITIR DENTRO DE UN PLAZO MÁXIMO DE 30 DÍAS NATURALES AL "I.N.M.", CONTADOS A PARTIR DEL DÍA QUE RECIBAN EL "OFICIO DE NOTIFICACIÓN", SU INCONFORMIDAD POR ESCRITO. LO ANTERIOR NO SUSPENDERÁ LA OBLIGACIÓN DE ENTREGAR EL MONTO TOTAL DEL "DNI" SEÑALADO EN DICHO OFICIO, EN EL PLAZO PREVISTO.

EN CASO DE INCONFORMIDADES PROCEDENTES, "LAS EMPRESAS DE TRANSPORTE AÉREO", PODRÁN COMPENSARLAS EN EL PAGO INMEDIATO SIGUIENTE A LA RESOLUCIÓN, DEBIENDO NOTIFICARLO AL "I.N.M."; QUEDANDO A SALVO EL DERECHO DE LAS CITADAS EMPRESAS DE TRANSPORTE AEREO RESPECTO DE LA RECUPERACIÓN DE LOS CARGOS CORRESPONDIENTES, ACOMPAÑANDO COPIA DEL DOCUMENTO: "RESOLUCIÓN DE INCONFORMIDAD" CORRESPONDIENTE. EN CASO DE NO EXISTIR DICHA COPIA, ACOMPAÑARÁ COPIA DEL ESCRITO DE INCONFORMIDAD, SELLADO DE RECIBIDO POR EL "I.N.M.", SIEMPRE Y CUANDO HAYAN TRANSCURRIDO LOS 15 DÍAS NATURALES SIN HABER OBTENIDO RESPUESTA DEL "I.N.M.".

LA INTENCIÓN DE LAS PARTES ES REDUCIR A SU MÍNIMA EXPRESIÓN LAS INCONFORMIDADES RELACIONADAS CON LOS PROCEDIMIENTOS, PARA LO CUAL, "CANAERO" Y "GOBERNACIÓN", TENDRÁN REUNIONES PERIÓDICAS TENDIENTES A SU REVISIÓN, SIENDO LA PRIMERA EN NOVENTA DÍAS CONTADOS A PARTIR DE LA FECHA DE FIRMA DEL PRESENTE CONVENIO.

**NOVENA.-** DEL AJUSTE DE LA LIQUIDACIÓN.

EL "I.N.M.", COMO RESULTADO DEL EJERCICIO DE SU FACULTAD DE VERIFICACIÓN CITADA EN LA CLÁUSULA TERCERA, FRACCIÓN G),   Y CUANDO EXISTA INCONFORMIDAD POR PARTE DEL "I.N.M.", NOTIFICARÁ LA LIQUIDACIÓN CORRESPONDIENTE, LA QUE RESULTARÁ PROCEDENTE DESPUÉS DE TREINTA DÍAS DE SU PRESENTACIÓN, SI NO EXISTE INCONFORMIDAD POR PARTE DE LAS "EMPRESAS DE TRANSPORTE AÉREO", DEBIENDO ÉSTAS LIQUIDARLA DENTRO DE LOS TREINTA DÍAS HÁBILES SIGUIENTES A LA FECHA DE RECEPCIÓN DEL OFICIO DE NOTIFICACIÓN.

**DÉCIMA .-** DE LA ADHESIÓN AL PRESENTE CONVENIO.

"LAS EMPRESAS DE TRANSPORTE AÉREO" PODRÁN ADHERIRSE AL PRESENTE CONVENIO, POR CONDUCTO DE SUS RESPECTIVOS REPRESENTANTES LEGALES, A TRAVÉS DE LA FIRMA DEL ANEXO 1, QUE SE ACOMPAÑA AL PRESENTE DOCUMENTO O BIEN MEDIANTE EL ENVÍO AL "I.N.M." DE UNA COMUNICACIÓN OFICIAL DE LA EMPRESA EN TAL SENTIDO, CON COPIA PARA LA "CANAERO", PARA QUE SE ENTIENDAN ASUMIDAS A SU CARGO LAS OBLIGACIONES AQUÍ PACTADAS.

**DÉCIMA PRIMERA.-** DEL PROCEDIMIENTO.

PARA EFECTOS DE PRECISAR LOS ASPECTOS OPERATIVOS DE LOS COMPROMISOS CONTRAIDOS EN EL PRESENTE INSTRUMENTO, "GOBERNACIÓN", Y "CANAERO" ELABORARON EL PROCEDIMIENTO A SEGUIR. ESTE FORMARÁ PARTE INTEGRANTE DEL PRESENTE CONVENIO COMO ANEXO No. 4.

9

DICHO PROCEDIMIENTO PODRÁ SER MODIFICADO DE TIEMPO EN TIEMPO, DE ACUERDO CON LAS NECESIDADES DE FACILITAR EL COBRO Y PAGO DEL "DNI", POR ACUERDO ENTRE LAS PARTES.

**DÉCIMA SEGUNDA.-** DE LA VIGENCIA.

EL PRESENTE CONVENIO TENDRÁ UNA VIGENCIA DE SEIS MESES A PARTIR DE LA FECHA DE SU FIRMA O MIENTRAS SUBSISTA EL "DNI" QUE LO ORIGINA. EN EL CASO DE QUE ALGUNA DE LAS PARTES QUISIERA DARLO POR TERMINADO, TENDRÁ QUE DAR AVISO POR ESCRITO A LAS DEMÁS, EN UN TÉRMINO DE NOVENTA DÍAS NATURALES ANTERIORES A LA FECHA DE TERMINACIÓN.

LAS PARTES MANIFIESTAN SU CONFORMIDAD PARA QUE EN CASO DE CONTROVERSIA SOBRE LA INTERPRETACIÓN, INSTRUMENTACIÓN O CUMPLIMIENTO DEL PRESENTE CONVENIO, LAS MISMAS SE SOMETERÁN A LA JURISDICCIÓN Y COMPETENCIA DE LOS TRIBUNALES DE LA CIUDAD DE MÉXICO, DISTRITO FEDERAL, RENUNCIANDO AL FUERO QUE POR RAZÓN DE SU DOMICILIO PRESENTE O FUTURO PUDIERA CORRESPONDERLES.

ENTERADAS DEL CONTENIDO Y ALCANCE LEGAL DE ÉSTE CONVENIO Y SUS ANEXOS, QUE FORMAN PARTE INTEGRAL DEL MISMO, LAS PARTES LO FIRMAN DE CONFORMIDAD POR SEXTUPLICADO EN LA CIUDAD DE MÉXICO, D.F. A LOS 30 DÍAS DEL MES DE JUNIO DE MIL NOVECIENTOS NOVENTA Y NUEVE.


POR "GOBERNACIÓN                           POR "GOBERNACIÓN"


**LIC. JOSÉ ÁNGEL PESCADOR OSUNA**          **LIC. GERARDO CAJIGA ESTRADA**
**SUBSECRETARIO DE POBLACIÓN Y**                    **OFICIAL MAYOR**
**DE SERVICIOS MIGRATORIOS**


POR EL "INM"


**DR. ALEJANDRO CARRILLO CASTRO**
**COMISIONADO DEL INSTITUTO NACIONAL DE MIGRACIÓN**

10

Última página del Convenio para establecer los sistemas, procedimientos e instrucciones en materia de recaudación del cobro de los derechos por servicios migratorios a No Inmigrantes, en sus características de Turistas (FMT), Transmigrantes (FM6), y Visitantes Consejeros (FMVC), en adelante nominado "DNI", a que se refiere el artículo 8° de la Ley Federal de Derechos, fracciones I, III y VIII.

## POR LA "CANAERO"

**ING. JUAN I. STETA**
**PRESIDENTE**

**LIC. JAVIER CHRISTLIEB**
**SECRETARIO**

**LIC. GABRIEL ORTEGA ALCOCER**
**DIRECTOR GENERAL**

## POR "LAS EMPRESAS DE TRANSPORTE AÉREO"

11